IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN McCORMICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:23-cv-1998 |
| v. | ) Honorable Matthew F. Kennelly |
| | ) |
| CHICAGO TRANSIT AUTHORITY | ) |
| | ) |
| Defendant. | ) |

**FINAL PRETRIAL ORDER**

Pursuant to the Court's order and pretrial procedures, Plaintiff Kevin McCormick and Defendant Chicago Transit Authority submit the following Final Pretrial Order:

**1.    Jurisdiction**

The remaining count in this action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), as the action seeks to redress the deprivation of rights secured by federal law. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred within this District.

**2.    Claims**

Plaintiff Kevin McCormick worked as electrician for Defendant Chicago Transit Authority, which is also called the "CTA." In September 2021, the CTA required all CTA employees to take the Covid vaccine. Mr. McCormick applied for a religious accommodation to be exempt from the vaccine. The CTA denied his request and then terminated Mr. McCormick's employment when he did not get the vaccine.

1

Mr. McCormick alleges that the CTA discriminated against him on the basis of religion in violation of Title VII of the Civil Rights Act of 1964. The CTA denies that it discriminated against Mr. McCormick for any reason or otherwise violated Title VII, and it asserts several defenses to Mr. McCormick's claim.

3. **Relief Sought**

   a. **Plaintiff's proposed relief sought**

In this case, Mr. McCormick seeks to recover:

   i. Damages for actual, consequential, and incidental financial losses, including lost back pay, front pay, lost overtime, and compensatory damages;

   ii. Restoration of employee benefits, including medical benefits, pensions, and insurance; and,

   iii. Attorneys fees and costs.

   b. **Defendant's proposed relief sought**

The CTA denies that Mr. McCormick is entitled to recover any form of damages. However, Mr. McCormick seeks and may recover only the following:

   i. Backpay, to be decided by the Court;

   ii. Damages for emotional distress, to be decided by the jury; and

   iii. Attorneys' fees and costs, to be decided by the Court.

CTA asserts that, to the extent Mr. McCormick is entitled to backpay, he failed to mitigate his damages.

4. **Witnesses**

   a. **Plaintiff Witness List**

1

Based on the information reasonably available to the Plaintiff as of this date, the name and, if known, the address of each individual whom Plaintiff expects to call to testify at trial and those whom Plaintiffs may call if the need arises, are as follows:

### i. Plaintiff's Witnesses Who Will Be Called To Testify

| Name | Contact Information | Witness Description | Defendant's Objections |
|---|---|---|---|
| Kevin McCormick | May be contacted through Plaintiff's counsel. | | No objection. |
| Lauren McCormick | | Plaintiff's wife can attest as to the sincerity of Plaintiff's beliefs | No objection. |
| Theresa Fletcher-Brown | May be contacted through Defendant's counsel. | Member of the committee tasked with deciding the approval of the religious exemption request. | No objection. |
| Joseph Stanko | 6222 W foster Ave Chicago Il | Co-worker, Coworker, can speak as to the process, but also can speak as to the sincerity of Plaintiff's religious beliefs. Present during the termination process and can speak as to what he saw in the exemption process of Plaintiff. | Relevance, unfairly prejudicial, cumulative, hearsay, and subject to rulings on motions *in limine*. |
| Jeanine Messina | May be contacted through Defendant's counsel. | CTA employee can speak as to the process as it relates to Plaintiff. | No objection. |
| James McKinney | 16506 Kenwood Ave South Holland Il | Coworker, can speak as to the process, but also can speak as to the sincerity of Plaintiff's religious beliefs. Present during the termination process and can speak as to what he saw in the exemption process of Plaintiff. | Relevance, unfairly prejudicial, cumulative, hearsay, and subject to rulings on motions *in limine*. |

1

| Name | Contact Information | Witness Description | Defendant's Objections |
|---|---|---|---|
| Pamela Acker | | Expert witness pending court's ruling | Defendant objects as Ms. Acker's testimony is barred pursuant to the Court's August 4, 2025 order (Dkt. 165). |

### ii. Plaintiff's Witnesses Who May Be Called

| Name | Contact Information | Witness Description | Defendant's Objections |
|---|---|---|---|
| Daniel Tinsely | | Present during disciplinary meeting; witness to plaintiff's questions regarding religious exemption and informed consent. | No objection.[1] |
| Walter Morris | | Present at disciplinary meeting; sent texts referencing plaintiff's vaccination status and pressure to vaccinate. | No objection. |
| Michael Duffee, J.D. | | Discussed CBA procedures with plaintiff; scope of CTA's authority regarding vaccine mandates. | Relevance, unfairly prejudicial, cumulative, and subject to rulings on motions *in limine*. |
| Robert Casto | | Union representation; familiar with agreement terms on religious discrimination. | Relevance, unfairly prejudicial, and cumulative. |
| Matthew Cleveland | | Discussed denial of religious accommodation with plaintiff and Mr. Casto. | Relevance, cumulative, hearsay, and unfairly prejudicial. |

---

[1] The parties reserve the right to object to any witness to the extent the testimony elicited from them is duplicative or cumulative of previously called witnesses.

1

| | | | |
|---|---|---|---|
| Brandon Tamaya | | Left voicemail confirming denial of exemption; described lack of appeal or higher contact. | No objection. |
| David Seagea | | Co-worker; also received exemption; discussed religious and philosophical beliefs. | Relevance, unfairly prejudicial, cumulative, hearsay, and subject to rulings on motions *in limine*. |
| Kevin Weiss | | Former supervisor; aware of discipline policies and management attitudes regarding exemptions | Relevance, unfairly prejudicial, hearsay, cumulative, and subject to rulings on motions *in limine*. |
| Andy Demonbreun | | Witness in Section 28 appeal; attests to plaintiff's character and shared religious discussions | Relevance, unfairly prejudicial, hearsay, cumulative, and subject to rulings on motions *in limine*. |
| Steve Green | | Witness in Section 28 appeal; attests to plaintiff's character and shared religious discussions | Relevance, unfairly prejudicial, cumulative, hearsay, and subject to rulings on motions *in limine*. |
| Joseph Stanko | | Denied exemption; forced retirement; shared religious discussions with plaintiff. | Duplicative (see above list) |
| James McKinney | | Pastor; denied exemption; forced retirement; spoke extensively with plaintiff about moral, religious issues. | Duplicative (see above list) |

1

| | | | |
|---|---|---|---|
| Ed O'Farrell | | Friend and colleague; supports sincerity of plaintiff's religious beliefs | Relevance, unfairly prejudicial, hearsay, cumulative, and subject to rulings on motions *in limine.* |
| Tyler Burns | | Denied exemption; obtained FOIA showing 95% denial rate; supports systemic claim. | Relevance, cumulative, unfairly prejudicial, hearsay, and subject to rulings on motions *in limine.* |
| Lauren McCormick | Plaintiff's wife; (312)-493-8332 | Testifies to emotional distress, pregnancy-related stress, and family's shared beliefs. | Duplicative (see above list); relevance as to "pregnancy-related stress" not experienced by Plaintiff. |
| Alex Moreno | May be contacted through Defendant's counsel. | Knowledge of CTA's COVID-19 Vaccination Policy, implement action, and exceptions. | No objection. |
| Theresa Fletcher-Brown | May be contacted through Defendant's counsel. | | Duplicative (see above list). |
| William Mooney | May be contacted through Defendant's counsel. | | No objection. |
| Jeanine Messina | May be contacted through Defendant's counsel. | | Duplicative (see above list). |
| Katharine Lunde | May be contacted through Defendant's counsel. | | No objection. |
| Michael Bowen | May be contacted through Defendant's counsel. | | No objection. |

1

| | | | |
|---|---|---|---|
| Van Johnson | May be contacted through Defendant's counsel. | | No objection. |
| Tricia Donelan | | | No objection. |
| Tahira Chaudary | | | |

b. **Defendant's Witness List**[2]

Based on the information reasonably available to the Defendant as of this date, the name and, if known, the address of each individual whom Defendant expects to call to testify at trial and those whom Defendant may call if the need arises, are as follows:

i. **Defendant's Witnesses Who Will Be Called To Testify**

| Name | Plaintiff's Objections |
|---|---|
| Theresa Fletcher-Brown | **No Objection**[3] |
| William Mooney | |
| Jeanine Messina | **No Objection** |
| Dr. Mark Roberts | **Objection** |
| Kevin McCormick | **No Objection** |

ii. **Defendant's Witnesses Who May Be Called To Testify**

| Name | Plaintiff's Objections |
|---|---|
| Sarah Elizabeth Morgan Ritter, | Relevance, unfairly prejudicial cumulative, hearsay, and subject to rulings on motions *in limine*. |

---

[2] Defendant Reserves the right to call anyone listed on Plaintiff's Witness List.

1

| | |
|---|---|
| PMHNP-BC, MSN | |
| Dr. William Crevier | Relevance, unfairly prejudicial, cumulative, hearsay, and subject to rulings on motions *in limine*. |
| Dr. Matthew S. Hanlon, D.O. | Relevance, unfairly prejudicial cumulative, hearsay, and subject to rulings on motions *in limine*. |
| Dyamond Scales | **Witness not previously disclosed.** Relevance, unfairly prejudicial cumulative, hearsay, and subject to rulings on motions *in limine*. |
| Michael Bowen | **No Objection** |
| Leticia Nieto | **Witness not previously disclosed.** Relevance, unfairly prejudicial cumulative, hearsay, and subject to rulings on motions *in limine*. |

5.   **Exhibits**

The Parties' proposed exhibit lists are set forth in Exhibit A to this Pretrial Order.

6.   **Type and length of trial**

This case will be tried to a jury. The parties estimate that the trial will take approximately three to four full days.

7.   **Proposed voir dire questions**

The Parties' proposed modifications to the juror questionnaire are set forth in Exhibit B to this Pretrial Order.

   a.   **Plaintiff's proposed voir dire questions**

| No. | Plaintiff's Proposed Questions | Defendant's Objections and Proposals |
|---|---|---|
| 1 | Were you unemployed for any portion of the COVID-19 pandemic? If so, did you seek work? Was it remote or in person? | Duplicative of and cumulative to jury questionnaire; relevance. |
| 2 | Do you or any of your close family members have any special expertise or training? What about in medicine or healthcare? About Philosophy or Theology? Human Resources? Law-Employment | Duplicative of and cumulative to jury questionnaire. |

1

| | | |
|---|---|---|
| | Discrimination? | |
| 3 | [a] Do you have a spouse? [b] Is so, what is your spouse's profession? [c] How long have you been married? [d] Have you been divorced? [e] Is this your first marriage or 2nd/3rd etc.? [f] Do you have children? [g] What kind of schools do your children attend? [h] Is it a civil or religious marriage or both? | Duplicative and cumulative to jury questionnaire; relevance as to [c] through [h]; improper questions regarding religion as to [g] and [h]. |
| 4 | [a] Is your spouse the same or different religion from you. [b] How long did you know your spouse? [c] Do you have children with your spouse? | Relevance and improper question regarding religion as to [a]; relevance as to [b] and [c]. |
| 5 | [a] Do you have children? [b] If so, how many and what are their ages? [c] If your children are employed, what type of work do they do? [d] Are they all from the same marriage? [e] What ages are they? [f] How far apart are they? [g] What kind of schools do or did they go to? [h] Where they fully vaccinated or given an alternative schedule or not vaccinated? | Duplicative and cumulative to jury questionnaire as to [a] and [b]; cumulative as to [c]; relevance as [d] and [g]; invasion of privacy as to [d], and [g]; see Defendant's objection to religious affiliation, as described in objections to No. 20.<br><br>No objection as to [h] provided it is asked in the following way: "To your knowledge, were your children fully vaccinated when under your care? If the answer is no or if you are unsure, why?"[4] |
| 6 | [a] How do you get your news? [b] How often do you read or watch the news? [c] Do you watch TV? [d] Do you listen to the radio? [e] Do you stream news? [f] Are there specific programs you watch? [g] Do you get news on your phone or tablet? | Duplicative of and cumulative to jury questionnaire as to all questions; internally duplicative and cumulative as to [a], [e], [f] and [g]. |
| 7 | [a] Do you spend time on the internet? [b] If so, what sites or services do you use? [c] How many websites do you use in a day? [d] Do you play games? [e] Do you get your | Duplicative of and cumulative to jury questionnaire as to all questions; relevance as to [a] through [d] and [g]; |

---

[4] For this and any other proposed alternative language, if they are rejected by Plaintiff, Defendant will add these to Defendant's proposed voir dire questions.

1

|   |   |   |
|---|---|---|
|   | news? [f] Do you get opinions/editorials from the internet? [g] Do you go to any religious sites? | duplicative of question 14 as to [e] and [f]; improper question regarding religion as to [g]. |
| 8 | [a] Have you ever been religious? [b] If so, are you religious now? [c] If you are no longer religious, what religion did you previously practice? [d] If you are currently religious, what religion do you practice?[e] Do you watch any religious TV channels or shows? [f] Do you listen to any religious radio programs or stations? [g] Do you visit any religious websites? [h] Do you watch or listen to any religious podcasts or stream any religious shows on the internet? [i] Do you go to religious services regularly? [j] Have you ever been discriminated against for your religious beliefs? [k] Are you devout in your religion? [l] Do you regularly go to religious services? | Duplicative of and cumulative to jury questionnaire as to question 11, 12, 13, 15 and 22, as to [a], [b], [e], [f], [g], [h], and [j]; indicate predisposition toward a particular outcome and constitute an impermissible pre-judgment of the case; attempt to obtain commitment from jurors; invasion of privacy; improper questions regarding religious affiliation as to [a] through [i] (*see United States v. Stafford*, 136 F.3d 1109 (7th Cir. 1997) and *United States v. Heron*, 721 F.3d 897 (7th Cir. 2013)).<br><br>Proposed alternatives to these questions are as follows: Are you religious? Were you previously religious? Do your religious beliefs keep you from deciding this case based only upon the facts presented in court during the trial and the instruction on the law given to you by the Judge? |
| 9 | Do you believe that religious people sometimes take advantage of the system, such as the requirement to take a vaccine? If so, please explain. Are you hostile towards religion? | Indicates predisposition toward a particular outcome and constitutes an impermissible pre-judgment of the case; argumentative; attempt to obtain commitment from jurors; prejudicial and inflammatory. |
| 10 | Do you believe that it is unfair for religious people to be exempted from job requirements that other employees are required to undertake? If so, please | Indicates predisposition toward a particular outcome and constitutes an impermissible pre-judgment |

1

| | | |
|---|---|---|
| | explain. | of the case; argumentative; attempt to obtain commitment from jurors; prejudicial and inflammatory. |
| 11 | [a] Do you have a religious or other belief that conflicts with vaccination against COVID-19? [b] If so, please tell us about that belief. [c] Does your religious objection against the vaccine have physical/medical component? | Invasion of privacy; indicates predisposition toward a particular outcome and constitute an impermissible pre-judgment of the case as to [a] and [c]; argumentative; attempt to obtain commitment from jurors as to [a] and [c]; prejudicial and inflammatory. |
| 12 | Do you have any concern that you may be unable to dispassionately consider whether someone's aversion to COVID-19 vaccination was religious, on one hand, or secular, on the other, or both? | Indicates predisposition toward a particular outcome and constitutes an impermissible pre-judgment of the case; attempt to obtain commitment from jurors; prejudicial and inflammatory; misstatement of the law; form. |
| 13 | [a] During the height of the COVID-19 pandemic, were you concerned about contracting or spreading the virus? [b] Did you wear a mask? [c] Where you or your spouse or your children vaccine injured? [d] Do you know anyone who was vaccine injured? [e] Did you get the booster shots? [f] When did you stop wearing the masks? | No objection to [a] provided it is asked in the following way: "During the COVID-19 pandemic, were you concerned about spreading the virus. Why or why not?"<br><br>No objection to [b] and [f] provided they are asked in the following ways: "Did you wear a mask during the COVID-19 pandemic? If so, when did you stop? If no, why not?"<br><br>No objection to [c] and [d] provided they are asked in the following ways: "Were you, your spouse, or anyone else you know injured by getting the COVID-19 |

1

|    |    | vaccine? If so, who and how?"<br><br>No objection to [e] provided it is asked in the following way: "Did you get the COVID vaccine? If so, how frequently?" |
|----|----|----|
| 14 | Do you have an opinion about vaccination mandates? If so, what is it? | No objection. |
| 15 | Have you heard anything about this lawsuit or any other vaccine mandate lawsuit in the media or otherwise? What have you heard? |  |
| 16 | [a] Do you use public transit? [b] If not, why not? [c] If so? Which Public Transit? [d] If so, how often? | Duplicative of and cumulative to jury questionnaire; relevance; attempt to obtain commitment from jurors; prejudicial and inflammatory as to b. |
| 17 | Have you ever ridden CTA? How often over the last five years? Daily? How many times per week? Weekly? Monthly? Sometimes? Rarely? Never? | Duplicative of and cumulative to jury questionnaire; relevance. |
| 18 | Are you in favor of defunding the police? | Relevance; indicates predisposition toward a particular outcome and constitutes an impermissible pre-judgment of the case; attempt to obtain commitment from jurors;. |

b. **Defendant's proposed voir dire questions**

| No. | Defendant's Proposed Questions | Plaintiff's Objections |
|-----|--------------------------------|------------------------|
| 1 | Do you have any difficulty in communicating or understanding the English language? | No Objection |
| 2 | Do you know any of the other people on the jury panel? | No Objection |

1

| 3 | Do you think that because the Chicago Transit Authority was sued, that the CTA must have done something wrong or otherwise be responsible? | Relevance; argumentative; attempt to obtain commitment from jurors; prejudicial and inflammatory. |
|---|---|---|
| 4 | Could you return a verdict of no liability, meaning that Kevin McCormick would receive no money, if the facts and law warranted that verdict? | Indicates predisposition toward a particular outcome and constitutes an impermissible pre-judgment of the case; argumentative; attempt to obtain commitment from jurors; prejudicial and inflammatory. |
| 5 | Will you be able to keep any feelings of sympathy you may have for a party from preventing you from doing your duty as a juror, which is to return a verdict based strictly on the law and evidence? | Indicates predisposition toward a particular outcome and constitutes an impermissible pre-judgment of the case; argumentative; attempt to obtain commitment from jurors; prejudicial and inflammatory. |
| 6 | Are you opposed to vaccines? If so, why? | Indicates predisposition toward a particular outcome and constitutes an impermissible pre-judgment of the case; prejudicial and inflammatory. |
| 7 | Are you satisfied or dissatisfied with how our state and local governments handled public health aspects of the COVID-19 pandemic? If you are dissatisfied, why? | |
| 8 | If you have a car, do you have any bumper or window stickers on your car? If so, what stickers are on your car? | |

**8.     Proposed jury instructions.**

The Parties' proposed jury instructions are set forth in Exhibit C to this Pretrial Order.

The Parties' proposed verdict forms are set forth in Exhibit D to this Pretrial Order.

1

| | |
|---|---|
| Date: August __ , 2025 | Respectfully submitted, |
| By: /s/ | By: /s/_____ |
| | Michael Best & Friedrich LLP |
| Frank Avila | Daniel A. Kaufman |
| 7132 N. Harlem Ave. | Email: dakaufman@michaelbest.com |
| Suite #104 | Andrew Shelby |
| Chicago, IL 60631 | Email: Andrew.shelby@michaelbest.com |
| FrankAvilaLaw@gmail.com | Lauryn S. Schmelzer |
| | Email: lauryn.schmelzer@michaelbest.com |
| John K. Lechuga | 444 West Lake Street, Suite 3200 |
| 161 N. Clark Street, Suite 1600 | Chicago, IL 60606 |
| Chicago, IL 60601 | Phone: 312.222.0800 |
| john.lechuga@outlook.com | |
| | Kayla A. McCann |
| | Email: Kayla.McCann@michaelbest.com |
| | Michael Best & Friedrich LLP |
| | 790 N. Water Street, Suite 2500 |
| | Milwaukee, Wisconsin 53202 |
| | *Attorneys for Defendant* |

1