IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN McCORMICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:23-cv-1998 |
| v. | ) Honorable Matthew F. Kennelly |
| | ) |
| CHICAGO TRANSIT AUTHORITY | ) |
| | ) |
| Defendant. | ) |

## CTA'S MOTIONS FOR JUDGMENT
## AS A MATTER OF LAW AND FOR A NEW TRIAL

Defendant CTA hereby moves for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) and alternatively for a new trial pursuant to Federal Rule of Civil Procedure 59(a). In support of its motions, CTA states as follows.

1. On September 23, 2025, the Court entered judgment reflecting the jury's verdict after a week-long trial in favor of Plaintiff Kevin McCormick. (Dkt. 192.)

2. The Court, however, should set aside the judgment pursuant to Federal Rules 50(b) or 59(a).

3. CTA is entitled to judgment as a matter of law under Rule 50(b), notwithstanding the jury's verdict, because Plaintiff adduced *no* evidence that CTA terminated him due to his religious beliefs. Indeed, the evidence at trial was unequivocal that CTA fired Plaintiff for refusing to take the COVID-19 vaccine in violation of CTA's vaccination policy and that his Catholic religious beliefs were not a contributing factor to CTA's determination.

4. Alternatively, the Court should order a new trial under Rule 59(a) for several independent reasons.

5. *First*, Plaintiff's counsel in this case resorted to a series of improper tactics which deprived CTA of a fair trial, including repeatedly referencing evidence not in the record at closing argument, conversing out of court with Plaintiff in the middle of Plaintiff's testimony, and intentionally engaging in other improper questioning and argument.

6. *Second*, the Court erred by instructing the jury that CTA could be liable if Plaintiff proved that his religious observance or practice was a motivating factor for his termination. This instruction misstates the law, which requires Plaintiff to establish "but for" causation in single motive cases like Plaintiff's. Moreover, the instruction is a complete 180-degree turn from the one given to the jury at the beginning at trial, which correctly required Plaintiff to establish that his "religious observation or practice was *the* basis for his termination."

7. *Third*, the Court committed a manifest error of law by barring the crux of CTA's expert's testimony, Dr. Mark Roberts, testimony which would have bolstered CTA's contention that its motivation for terminating Plaintiff was to protect the health and safety of its employees and the public at large and not religious bias.

For the foregoing reasons, and those described in greater detail in CTA's contemporaneously filed brief, the Court should enter an order (i) vacating the judgment and entering judgment for CTA, or, alternatively, (ii) vacating the judgment and ordering a new trial.

Dated: October 21, 2025     Respectfully submitted,

By: */s/ Daniel A. Kaufman*
Michael Best & Friedrich LLP
Daniel A. Kaufman
dakaufman@michaelbest.com
Andrew Shelby
andrew.shelby@michaelbest.com
Lauryn S. Schmelzer
lauryn.schmelzer@michaelbest.com
444 West Lake Street, Suite 3200
Chicago, IL 60606
Phone: 312.222.0800

2

                                              Kayla A. McCann
                                              Kayla.McCann@michaelbest.com
                                              Michael Best & Friedrich LLP
                                              790 N. Water Street, Suite 2500
                                              Milwaukee, Wisconsin 53202
                                              *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on October 21, 2025, a true and correct copy of the foregoing motion was filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all parties of record registered with the Court's CM/ECF system.

/s/ *Daniel A. Kaufman*
One of the Attorneys for
Defendant Chicago Transit
Authority
